## JOHNSTON v. CORYELL ET AL.

September 8, 1840.

*Rule to show cause why proceedings should not be stayed.*

A. had judgment against B., and, April 27, 1840, issued a *capias ad satisfaciendum*, which was returned *non est inventus*. A. sued C. and D. on the bail-bond in the original suit, by summons issued 15th May, 1840, returnable the first Monday of the succeeding June. On the 30th May, 1840, defendant purchased a writ of error on which bail was duly entered, and which same day was served. On the same day, the bail moved the court for a stay of proceedings in the suit against them: *Held,* that the court would stay the proceedings while the writ of error was pending, on the terms that they should pay the costs of suit on the bail-bond, and file of record an agreement to pay the damages recovered, or surrender the defendant within four days after the determination of the writ of error, if determined in favour of the original plaintiff.

A WRIT of *capias ad satisfaciendum*, issued April 27, 1840, against Coryell, the original defendant, and was returned *non est inventus*. This was a summons in debt issued on the 15th May, 1840, against the defendant and the bail in the original action, on their bail-bond therein, returnable the first Monday in June, 1840. On Saturday the 30th May, 1840, bail in error was put in, and on the same day the writ of error to remove the original action, was lodged in the office of the prothonotary of this court. On the first Monday in June, 1840, the summons in debt against the bail was returned as to one of the bail served. On the same day

[Johnson v. Coryell et al.]

Barnes, attorney for defendant, moved the court for a rule on plaintiffs to show cause and why proceedings against bail should not be stayed, pending the writ of error, on the terms of defendants paying the costs of the bail-bond suit, and of agreeing of record to pay the damages recovered, or to surrender the defendant within four days of the determination of the writ of error, if determined in favour of the original plaintiff.

*Barnes,* for the rule, cited 1 *Burr.* 340 ; 3 *East* 546 ; 11 *East* 316.

THE COURT made the rule absolute.